# Harter *versus* Bomberger.

*Principal liable to substitute for amount agreed to be paid, though mistaken as to his liability to service.—Consideration of promise to pay sufficient.*

One, who when drafted for nine months under the State Militia Law, procured a substitute for three years or during the war, who was duly mustered into the service of the United States, held liable for the sum he agreed to pay, though he was drafted in the excess above the number required, and the quota of the township was filled before his name was reached.

ERROR to the Common Pleas of *Lancaster county.*

This was an action of *assumpsit* by John Harter against Christian Bomberger. The defendant was duly enrolled in Manheim township, among the citizens subject to the draft made in October 1862, for nine months' service. The quota of that township for the occasion was seventy-four. The commissioner, in drawing from the wheel, did not confine the draft to that number, but caused an excess to be drawn, and in that excess Christian Bomberger's name was drawn to number one hundred and seventeen. The excess was intended to provide for deficiencies in the quota, by reason of disabilities which might entitle any of those drafted for the said quota to exemption. Such exemptions were obtained, and seventeen of the excess, including the numbers from seventy-five to ninety-one, both inclusive, were taken to supply the deficiency. Christian Bomberger's number was twenty-six beyond the last number of those who were thus taken. Soon after he received notice that he was drafted he made the contract upon which this suit was brought, which was in the following words :—

" Articles of agreement, made and entered into this 29th day of October, A. D. 1862, between Christian Bomberger, of Manheim township, Lancaster county, and state of Pennsylvania, of the one part, and John Harter, of East Hempfield township, county and state aforesaid.

" The said party of the first part hereby agrees to pay to the said John Harter, the sum of $600, lawful money of the United States, conditioned that the said John Harter is to go as a substitute for the said Christian Bomberger. Said sum of $600 to be paid the moment the said Harter. is accepted as such substitute.

" Witness our hands, this 29th day of October 1862.

(Signed)        " CHRISTIAN BOMBERGER.
Witness present,                    " JOHN HARTER."
CHARLES R. FRAILEY.

It appeared from a certificate of Lieutenant J. C. Martin, of Company A, One Hundred and Fifty-Sixth regiment, Pennsylvania Volunteers, that on the 29th day of October 1862, John Harter was sworn into the military service of the United States as a substitute for Christian Bomberger, of Manheim township, Lancaster county, Pennsylvania, in Company A, One Hundred and Fifty-Sixth Board of Trade regiment, Pennsylvania Volunteers, and from a certificate of Francis W. Bache, captain Sixteenth Infantry, United States army, mustering officer, that he was, on the 30th day of October 1862, mustered into the service of the United States for the term of three years or during the war, in the company above mentioned.

It did not appear that he was sworn or mustered into the service of the United States for nine months, according to the terms of the draft which had just been made.

By entering and being mustered into the service of the United States for three years or during the war, he was entitled to a bounty of $100 at the end of his term of service, and the other benefits provided by the fifth section of the Act of Congress approved the 22d day of July 1861.

Christian Bomberger, finding he was not drafted, refused to pay the sum of $600 mentioned in the above articles of agreement, and this suit was brought to recover it from him.

John Harter has continued in the service since he was mustered in.

On the trial, the defendant offered no testimony, but submitted the following points, viz.: 1. Under the evidence in this case the plaintiff is not entitled to recover, and the verdict of the jury must therefore be for the defendant. 2. The defendant's name being in the excess, he was not subject to draft; and if he entered into an agreement to pay for a substitute, such agreement was without consideration, and therefore was void. 3. The agreement in evidence not being under seal, the plaintiff is bound to show a consideration; and as the consideration shown is not sufficient, he cannot recover, and the verdict must be for the defendant.

The jury, under the direction of the court, and upon the evidence adduced by the plaintiff, found a verdict in his favour, the court remarking that the case would be put into such a shape as to afford the parties an opportunity of a deliberate consideration of the proposed points.

On motion of defendant's counsel, a rule was granted to show cause why a new trial should not be had, or judgment entered for defendant *non obstante veredicto.*

On argument the rule was in part made absolute, and judgment was entered for defendant, *non obstante,* which was the error assigned here by the plaintiff.

*A. Herr Smith* and *O. J. Dickey,* for plaintiff in error.

*Benjamin Herr* and *D. G. Eshelman,* for defendant.

The opinion of the court was delivered, May 24th 1864, by
READ, J.—On the 29th October 1862, Christian Bomberger and John Harter entered into a written argreement, by which Bomberger agreed to pay to Harter the sum of $600, lawful money of the United States, conditioned that the said John Harter is to go as a substitute for the said Christian Bomberger, said sum of $600 to be paid the moment the said Harter is accepted as such substitute. On the same day Harter appeared

[Harter v. Bomberger.]

before a justice of the peace of Lancaster county, and under oath declared that he had never been sworn into the military service of the United States, that he did not now owe such military service, and that he was willing to become a substitute for Christian Bomberger, who was drafted as a militiaman on the 23d October, A. D. 1862, from the township of Manheim, Lancaster county, Pennsylvania, and intended enlisting in Company A, One Hundred and Fifty-sixth Regiment, Board of Trade, Pennsylvania Volunteers. On the same day he was sworn into the military service of the United States for three years or during the war, as a substitute for Christian Bomberger, of Franklin township, Lancaster county, Pennsylvania, in Company A, Board of Trade Regiment, Pennsylvania Volunteers, by Lieutenant Martin of that company and regiment, and on the next day was mustered into the service of the United States for the term, and in the regiment above mentioned, at Philadelphia, by Captain Bache, the mustering officer. There can be no doubt that all this was done with the knowledge and approbation of Bomberger, who thought he would thus be exempted for three years. In the course of his service it would appear that Harter was severely wounded in the foot, and was seen in the hospital on crutches. The defendant refused to pay the $600, upon the ground that all this was done by him under a mistake of the law of his case, which was subsequently explained to him by a legal friend. It appears that under the call for nine months' men, Bomberger was duly enrolled among the citizens in Manheim township, liable to the draft made in October 1862. The quota of Manheim township was seventy-four, but the commissioners drew an excess in which Bomberger's name was one hundred and seventeen. The exemptions were seventeen, which, being supplied out of the excess, reached only number ninety-one. Bomberger now alleged he was not liable to draft at all, because it was illegal to draw more than the actual quota of seventy-four, and that if he was liable, in any event, he was not actually drawn, and that his substitute went as a three years' man, and not as a nine months' militia man. All this may be true, and it may also be conceded that Bomberger acted under a mistake of the law, he supposing no doubt that the enlistment of three years saved him from a draft for that period. But whatever Harter did, was done at the request and solicitation of Bomberger, and with his full knowledge, he promising to pay him $600 when he was accepted by the United States. The whole difficulty has arisen from the anxiety of Bomberger to save himself, and having procured the enlistment of Harter for three years or the war, he now wishes to avoid the payment of the sum of money which he offered as the inducement for Harter to become a soldier, and expose himself to all the dangers and hardships of a military life.

[*Harter v.* Bomberger.]

The rule with regard to the sufficiency of the consideration has been well stated in Russell's Chitty on Contracts, 6th ed., p. 27: "It may arise either, 1st, by reason of a *benefit* resulting to the party promising, or to a third person by the act of the promissee; or 2dly, by reason of the latter sustaining any *loss* or *inconvenience*, or subjecting himself to any charge or obligation, however small the benefit, charge, or inconvenience may be: provided such act be performed, or such inconvenience or charge incurred with the consent, express or implied, of the promissor, or, in the language of pleading, at his request."

There can be no doubt that this case is covered by the second branch of the proposition, and that the inconvenience and obligation incurred by the plaintiff were of the highest grade, involving the imminent danger of the loss of life itself. We think the learned judge erred in not entering judgment for the plaintiff.

Judgment reversed, and judgment for the plaintiff on the verdict of the jury.